**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AVTAR SINGH,<br><br>             Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>             Respondent. | No. 07-73918<br><br>Agency No. A072-404-211<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010 [**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

   Avtar Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez-Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's finding that, even if Singh established a well-founded fear of persecution, the government established by a preponderance of the evidence that Singh could reasonably relocate within India. *See* 8 C.F.R. § 1208.13(b)(3)(ii); *Sowe v. Mukasey,* 538 F.3d 1281, 1287 (9th Cir. 2008) ("The presumption that an asylum applicant has a well-founded fear of persecution can be rebutted . . . either by a showing that [t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality.") (citation and internal quotation marks omitted). In addition, substantial evidence also supports the BIA's conclusion that Singh's presumptive well-founded fear was rebutted by changed circumstances in India because the BIA's analysis of the State Department report was sufficiently individualized and its resolution of potentially contradictory statements in the report was rational. *See Gonzalez-Hernandez,* 336 F.3d at 998-99. Accordingly, Singh's asylum and withholding of removal claims fail. *Id.* at 1001 n.5.

Substantial evidence also supports the agency's denial of CAT relief because Singh failed to demonstrate that it was more likely than not he would be tortured if

returned to India. *See Hasan v. Ashcroft,* 380 F.3d 1114, 1122-23 (9th Cir. 2004) (denying CAT relief based on the possibility of internal relocation).

**PETITION FOR REVIEW DENIED.**