**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALONZO ISRAEL VALENZUELA,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

No. 08-73333

Agency No. A036-172-069

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2011
Pasadena, California

Before:     TASHIMA and FISHER, Circuit Judges, and WOLF, District Judge.[**]

Petitioner Alonzo Israel Valenzuela, a native of Mexico and a lawful

permanent resident of the United States, petitions for review of the Board of

Immigration Appeal's (BIA) denial of relief from removal and refusal to remand

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Mark L. Wolf, Chief United States District Judge for
the District of Massachusetts, sitting by designation.

for consideration of an application for adjustment of status. We have jurisdiction to under 8 U.S.C. § 1252(a) and we deny the petition.

Petitioner was ordered removed to Mexico under Immigration and Naturalization Act (INA) § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), on the basis of a 1994 felony conviction for assault with a deadly weapon, Cal. Penal Code § 245(a)(1). The Immigration Judge (IJ) found Petitioner ineligible for discretionary waiver of removal under former INA § 212(c), 8 U.S.C. § 1182(c) (repealed 1996), because the basis for his removal, a crime of violence aggravated felony, has no comparable ground of inadmissibility in INA § 212(a), 8 U.S.C. § 1182(a), as required by 8 C.F.R. § 1212.3(f)(5), the "statutory counterpart" rule. The BIA affirmed. It also rejected Petitioner's motion to remand. This petition for review followed.

We review questions of law and constitutional claims *de novo*. *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). The BIA's denial of Petitioner's motion to remand is reviewed for abuse of discretion. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000).

Petitioner argues that his conviction for a crime of violence aggravated felony has a statutory counterpart in § 212(a) such that he is eligible for waiver of removal under § 212(c). This argument fails. A crime of violence aggravated

2

felony does not have a statutory counterpart in any ground for inadmissibility listed in § 212(a). *Aguilar-Ramos v. Holder*, 594 F.3d 701, 706 (9th Cir. 2010) (citing *Abebe v. Mukasey*, 554 F.3d 1203, 1208 n.7 (9th Cir. 2009) (en banc) (per curiam)). Petitioner's equal protection claims also fail. These arguments were presented in, and are now foreclosed by, *Komarenko v. INS*, 35 F.3d 432, 434-35 (9th Cir. 1994); *see also Abebe,* 554 F.3d at 1207.

Finally, Petitioner challenges the BIA's refusal to remand to allow the IJ to consider an application for adjustment of status. Under certain circumstances, aliens effectively can avoid removal if they apply for adjustment of status in conjunction with a § 212(c) waiver of inadmissibility. *United States v. Moriel-Luna*, 585 F.3d 1191, 1196-97 (9th Cir. 2009). Petitioner, however, is not eligible for adjustment of status because an immigrant visa is not "immediately available to him." INA § 245(a), 8 U.S.C. § 1255(a). Although Petitioner's mother, a United States citizen, filed a visa petition on his behalf in 2007, the BIA noted that as of July 2008, the priority date for a family-based first-preference visa from Mexico was July 22, 1992. *See Moriel-Luna*, 585 F.3d at 1198. Therefore, the BIA did not abuse its discretion when it refused to remand because Petitioner is not eligible for adjustment of status.

Accordingly, the petition for review is **DENIED.**

3