**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABEL LOPEZ-SERRANO, | No. 11-72296 |
| Petitioner, | Agency No. A043-433-249 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2013[**]
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

Abel Lopez-Serrano ("Lopez") petitioned this court to review the Board of

Immigration Appeals' order denying his application for deferral of removal under

the Convention Against Torture. In addition, Lopez alleges he was deprived of a

full and fair hearing because the Immigration Judge unreasonably denied his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion for a continuance to reach his expert witness, exhibited bias, and engaged in misconduct. We deny the petition for review.[1]

**1.** Substantial evidence supports the finding that Lopez is not likely to be tortured "by or at the instigation of or with the consent or acquiescence of" an El Salvadorian public official. *See* 8 C.F.R. § 1208.18(a); *Artega v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007) ("BIA's findings underlying its determination that an applicant is not eligible for relief under the CAT are reviewed for substantial evidence."). Even if public officials or rival gangs in El Salvador were to mistakenly view Lopez as a gang member because of his tattoos, there is no showing that such misidentification would lead to torture. Although willful blindness may suffice to show government acquiescence, *see Aguilar-Ramos v. Holder*, 594 F.3d 701, 705–06 (9th Cir. 2010), the evidence as reviewed by the BIA, including the Country Reports and Lopez's own expert's affidavit, demonstrates that the government has undertaken an active role against gang violence.

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

**2.** The Immigration Judge did not abuse her discretion in denying Lopez's motion for a continuance to allow his expert witness to testify.[2] To determine whether an IJ abused her discretion in denying a continuance motion, this court weighs four factors: (1) the importance of the evidence; (2) the reasonableness of the defendant's conduct; (3) the inconvenience to the court; and (4) the number of previous continuances granted. *Karapetyan v. Mukasey*, 543 F.3d 1118, 1121 (9th Cir. 2008). All four factors in this case weigh in favor of denial. The expert's report was already a part of the record, Lopez should have ensured that his expert was available, a continuance motion would have inconvenienced the court, and there had already been three continuances.

**3.** The Immigration Judge's comments did not deprive Lopez of the "opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks omitted). Even if the Immigration Judge was sarcastic, sarcasm, like anger, does not necessarily establish a due process violation. *See Liteky v. United States*, 510 U.S. 540, 555–56 (9th Cir. 1994). In addition, the record does not demonstrate any

---

[2] Lopez's motion for the court to take judicial notice of the Los Angeles Immigration Court operating hours on its website in 2011 is denied. This information is irrelevant because Lopez does not claim his expert relied on the court's operating hours and Lopez's expert communicated with Lopez's counsel after 4:00 p.m.

misconduct by the Immigration Judge. The judge's few questions and comments did not rise to the level of "unprecedented hostility." *See Garrovillas v. INS*, 156 F.3d 1010, 1015–16 (9th Cir. 1998).

The petition for review of the BIA's order is DENIED.