**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERMAN RUVALCABA-ROSALES,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-71405

Agency No. A098-854-061

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 6, 2014
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN, Senior
District Judge.[**]

German Ruvalcaba-Rosales appeals the Board of Immigration Appeals'

(BIA) decision affirming the Immigration Judge's (IJ) denial of withholding of

removal and protection under the Convention Against Torture (CAT). We review

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Barbara Jacobs Rothstein, Senior District Judge for the
U.S. District Court for the Western District of Washington, sitting by designation.

the BIA's factual findings for substantial evidence, *Regalado-Escobar v. Holder*, 717 F.3d 724, 726-27 (9th Cir. 2013), and we have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition with respect to Ruvalcaba's withholding of removal claim and remand his CAT claim for further review.

The evidence presented by Ruvalcaba is not sufficient to compel the conclusion that his political opinion was a central reason for the mistreatment he suffered in Mexico. Ruvalcaba was beaten after he returned to the property that had previously been confiscated by the Party of the Democratic Revolution (PRD) Committee and that "was still undergoing some kind of legal process." Significant to the BIA was the fact that the PRD Committee took the land of 25 other landowners at the same time, yet Ruvalcaba failed to present any evidence regarding the political affiliation of these other landowners. Substantial evidence supports the BIA's determination that Ruvalcaba was threatened and beaten as a result of a land dispute between his father and the government, and not because of his political opinion.

Further, the record does not compel a finding that it is "more likely than not" that Ruvalcaba would be persecuted if he is returned to Mexico. The BIA noted the amount of time that had elapsed since Ruvalcaba's mistreatment and took

administrative notice of the fact that since his mistreatment, Ruvalcaba's political party, National Action Party (PAN), had, at least temporarily, assumed power. As such, substantial evidence supports the BIA's conclusion that Ruvalcaba did not show that it was more likely than not that he would be persecuted upon his return to Mexico, and the petition for review as to the withholding of removal claim is denied.

Finally, both the IJ and the BIA failed to consider evidence of country conditions, specifically the country reports, when they determined that Ruvalcaba was ineligible for CAT relief. Because "failure . . . to consider evidence of country conditions constitutes reversible error," we grant the petition for review as to Ruvalcaba's application for CAT relief and remand to the BIA with instructions to reconsider Ruvalcaba's CAT claim in light of the country conditions in Mexico and state its conclusions in the record. *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010).

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**