**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN MELGOZA GUERRERO, aka Juan Francisco Mendoza Guerro, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW WHITAKER, Acting Attorney General, <br><br> Respondent. | No. 15-72080 <br><br> Agency No. A087-677-945 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 16, 2018
San Francisco, California

Before: THOMAS, Chief Judge, GRABER, Circuit Judge, and LASNIK,** District
Judge.

Petitioner Juan Melgoza Guerrero is a native and citizen of Mexico. He

seeks review of a final order of the Board of Immigration Appeals ("BIA")

dismissing his appeal from an adverse decision of an immigration judge denying

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

his applications for withholding of removal and protection under the Convention Against Torture ("CAT").  We deny the petition in part, grant it in part, and remand for further proceedings.

1.  The BIA properly held that Petitioner is ineligible for statutory withholding of removal and withholding of removal under CAT because he committed a "particularly serious crime."  8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2).[1]  We review the BIA's conclusion for abuse of discretion, Avendano-Hernandez v. Lynch, 800 F.3d 1072, 1077 (9th Cir. 2015), and find none.

Petitioner stands convicted of possessing heroin for sale, or purchasing it for sale, in violation of California Health and Safety Code section 11351.  He also was convicted of an enhancement for possessing more than one kilogram of heroin. Under In re Y-L-, 23 I. & N. Dec. 270, 276 (A.G. 2002), Petitioner's crime was particularly serious because drug trafficking is presumptively a particularly serious crime and Petitioner cannot satisfy the exception for a "very small quantity" of heroin.

---

[1]  In a published opinion filed this date, we hold that the term "particularly serious crime" is not unconstitutionally vague.

2. We review for substantial evidence the BIA's decision to deny deferral of removal under CAT. Sanjaa v. Sessions, 863 F.3d 1161, 1164 (9th Cir. 2017). The BIA's conclusion is not supported by substantial evidence. Therefore, we grant the petition with respect to the CAT claim and remand for reconsideration.

The BIA held: "There is no evidence that any public official in Mexico seeks to torture [Petitioner] or would consent or acquiesce in his torture." That statement is wrong. The record contains significant evidence that Petitioner would be tortured if returned to Mexico and that public officials in Mexico would consent to, acquiesce in, or turn a wilfully blind eye to, such torture.

Petitioner fears that, if he is removed to Mexico, he will be killed. See Parada v. Sessions, 902 F.3d 901, 916 (9th Cir. 2018) (holding that "torture" under CAT includes killing). Petitioner testified (and there is no adverse credibility finding) that two of his employees were murdered by a cartel-related gang called the Knights Templar. He reported the murders to the police but later learned that the mayor of his town was working for the cartel and had told the police to call off their investigation into the employees' murders. Additionally, for two years Petitioner and his sister made extortion payments to the Knights Templar. When Petitioner refused to pay a greater amount, the gang members threatened to kill him and his sister. Petitioner submitted substantial documentary evidence

3

corroborating his testimony, including the 2013 State Department Human Rights Report and five news articles from 2014 and 2015 describing rampant illegal activity in Mexico by drug cartels and the active assistance (or willful blindness) of local police.

The BIA neither acknowledged nor analyzed that evidence. We have granted petitions in similar cases, including Parada, 902 F.3d 901, Madrigal v. Holder, 716 F.3d 499 (9th Cir. 2013), and Aguilar-Ramos v. Holder, 594 F.3d 701 (9th Cir. 2010). The government's citation to Garcia-Milian v. Holder, 755 F.3d 1028 (9th Cir. 2014), is unavailing because the BIA did expressly consider the country conditions report there and because the evidence here is stronger.

3. Although he did not do so at the agency level, Petitioner now challenges the jurisdiction of the immigration court. Because we grant the petition in part and remand the case for reconsideration, we leave that issue for the BIA in the first instance. See, e.g., Gen. Atomics v. U.S. Nuclear Regulatory Comm'n, 75 F.3d 536, 541 (9th Cir. 1996) ("Judicial review of an agency's jurisdiction should rarely be exercised before a final decision from the agency."); Marshall v. Wait, 628 F.2d 1255, 1257 n.1 (9th Cir. 1980) (noting "the time-honored principle that the jurisdiction of an administrative agency is to be determined in the first instance by the agency").

4

**Petition DENIED in part and GRANTED in part and REMANDED**.

The parties shall bear their own costs on appeal.