NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TOMAS H. ACOSTA LOPEZ, AKA Juan Antonio Acosta,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-70896

Agency No. A073-978-431

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2019**
Pasadena, California

Before:  NGUYEN and OWENS, Circuit Judges, and BAYLSON,*** District Judge.

Tomas Acosta Lopez, a native and citizen of El Salvador, petitions for

review of an order of the Board of Immigration Appeals ("BIA") denying his

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

***        The Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

application for Temporary Protected Status ("TPS"), asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Lopez contests the materiality of a misrepresentation he made while seeking asylum, employment authorization, and TPS. Whether his misrepresentation was material presents a mixed question of fact and law, which we review for substantial evidence. *See Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009); *Khadka v. Holder*, 618 F.3d 996, 1002 (9th Cir. 2010). We deny the petition for review.

1. Substantial evidence supports the BIA's finding that Lopez's use of a false identity, including his reliance on a false birth certificate and passport, in seeking asylum, employment authorization, and TPS constituted a material misrepresentation under 8 U.S.C. § 1182(a)(6)(C)(i). Lopez does not contest that he relied on the false identity and documents, but argues that his misrepresentation was not material because he did not benefit from it. It does not matter whether Lopez was eligible for the benefits he sought notwithstanding the misrepresentation. It is enough that his misrepresentation had a natural tendency to influence his applications for asylum, employment authorization, and TPS. *See Forbes v. I.N.S.*, 48 F.3d 439, 442 (9th Cir. 1995) (explaining that a misrepresentation is material if it has "a natural tendency to influence" an agency decision (citation omitted)). Here, substantial evidence supports the BIA's finding

that the misrepresentation was likely to influence Lopez's asylum claim.  Indeed, it was relevant to the "key element" of establishing his identity.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (recognizing identity as one of the "key elements" of an asylum claim).

Lopez's motive in misrepresenting his identity is also of no consequence. The law simply requires that he made the misrepresentation knowingly, and Lopez does not contest that he did so.  *See Forbes*, 48 F.3d at 442 (discussing willful misrepresentation to procure a visa under § 1182(a)(19)).

2.      Lopez has waived any arguments about the following issues before this Court:  (1) the BIA's waiver findings about his particular social group, relocation, and CAT protection; (2) whether he qualified for asylum as a member of a particular social group; (3) whether he qualified for withholding of removal; and (4) whether he qualified for protection under CAT.  Lopez fails to mention the BIA's waiver findings and therefore waives those issues here.  *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief."); *see also* Fed. R. App. P. 28(a)(8)(A) (requiring an opening brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

Although Lopez does baldly state that we should review the BIA's findings

16-70896

about whether he qualified for asylum, withholding of removal, and CAT protection, he fails to include any specific arguments explaining why. These issues are therefore also waived. *Greenwood*, 28 F.3d at 977 ("[A] bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review.").

3.     Even if Lopez has not waived his claims petitioning review of the BIA's determinations regarding asylum, withholding of removal, and CAT protection, substantial evidence supports the BIA's findings on those forms of relief. Reliance on general criminal activity, such as Lopez's fear of gang members, without a specific fear of persecution based on membership in a protected group, is insufficient to qualify for asylum. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A] desire to be free from harassment by criminals . . . or random violence by gang members bear no nexus to a protected ground."); *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("[T]o demonstrate that a protected ground was at least one central reason for persecution, an applicant must prove that such ground was a cause of the persecutors' acts." (internal quotation marks omitted)).

Because Lopez did not demonstrate a well-founded fear of persecution, he necessarily also failed to establish the "clear probability" of persecution that is required to withhold removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th

Cir. 2006).

Lopez also failed to put forth arguments or evidence that he will likely be tortured if he returns to El Salvador, as required to obtain protection under CAT. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010) (citing 8 C.F.R. § 1208.16(c)(2)).

**PETITION FOR REVIEW DENIED.**