**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHALKUN BUN HEANG, | No. 08-74058 |
| Petitioner, | 15-70380 |
| v. | Agency No. A095-448-037 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted June 12, 2019**
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and PEARSON,*** District Judge.

Petitioner Phalkun Bun Heang is a Cambodian national petitioning for

review of two Board of Immigration Appeals ("BIA") final orders. In one petition,

Heang seeks review of the BIA's order denying her claims for adjustment of status,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and voluntary departure. In the other petition, Heang seeks review of the BIA's order denying her motion to reopen the removal proceedings against her. We have jurisdiction under 8 U.S.C. § 1252, and deny the petitions for review. Heang argues that the BIA erred in denying her claim for adjustment of status in light of her marriage to a U.S. citizen.

1. Heang argues that she was denied due process because her adjustment of status interview with United States Citizenship and Immigration Services ("USCIS") was conducted in English. We will reverse the BIA's decision on due process grounds only "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Lianhua Jiang v. Holder*, 754 F.3d 733, 741 (9th Cir. 2014) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)). In determining whether a petitioner's marriage can be a valid basis for an adjustment of immigration status, "the central question is whether [the petitioner and his or her spouse] intended to establish a life together at the time they were married." *Damon v. Ashcroft*, 360 F.3d 1084, 1088 (9th Cir. 2004).

Heang has not shown that "the outcome of the proceeding may have been affected by the alleged violation," in order to sustain her due process challenge. *Cinapian v. Holder*, 567 F.3d 1067, 1074 (9th Cir. 2009) (quoting *Colmenar*, 210 F.3d at 971). The BIA explicitly held that even if it were to discount evidence

2

about the marriage from Heang's interview with USCIS, it would have found that Heang and her husband did not intend to establish a life together. Substantial evidence supports that determination. Testimony in front of the Immigration Judge established that Heang and her husband did not live together, had never consummated the marriage, and had no evidence of their intention to maintain a genuine relationship. We deny Heang's petition for review of the BIA's denial of her claim for adjustment of status.

2. The BIA denied Heang's claim for asylum on the ground that it was untimely under 8 U.S.C. § 1158(a)(2)(B), under which applicants must apply for asylum within one year of arriving in the United States. Heang argues that her asylum claim may be considered because, even though she filed it two years after she entered the country, she faced "extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D). We have jurisdiction to "review the agency's application of the . . . extraordinary circumstances exception to undisputed facts," and we review the BIA's application of the exception for substantial evidence. *Singh v. Holder*, 656 F.3d 1047, 1051 (9th Cir. 2011).

We conclude that substantial evidence supports the BIA's decision. While "maintain[ing] . . . lawful immigrant or nonimmigrant status ... until a reasonable period before the filing of the asylum application" establishes an extraordinary circumstance under this exception, the BIA did not err in finding that Heang had

3

not shown that she had a timely claim for relief under this exception. 8 C.F.R. § 208.4(a)(5)(iv). Even if Heang could show that she should be excused from filing for asylum until after she realized that she would not be able to adjust her immigration status based on her marriage, Heang has not demonstrated that "the evidence in the record compels a reasonable factfinder to conclude that" her delay after she discovered that fact was reasonable. *Tampubolon v. Holder*, 610 F.3d 1056, 1059 (9th Cir. 2010) (quoting *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008)). Here, the record shows that she learned of rejection of her application for adjustment of status on June 6, 2005, but thereafter did not file for asylum until November 14, 2005. The record does not compel the conclusion that this was a reasonable delay under the totality of the circumstances. For that reason, we deny Heang's petition to review the BIA's denial of her asylum claim.

3. Heang has abandoned her challenges to the BIA's denial of her withholding of removal and CAT claims. Those challenges are waived, and we deny the petition for review with respect to the BIA's denial of Heang's withholding of removal and CAT claims. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 703 n.1 (9th Cir. 2010).

4. In her reply brief, Heang asks us to remand to the BIA for reconsideration of her request for voluntary departure. Because Heang did not raise this challenge in her opening brief, she has waived it. *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3

(9th Cir. 2011).

5. The BIA denied Heang's motion to reopen on the ground that it was untimely and that Heang was not entitled to equitable tolling because of ineffective assistance of counsel. Generally, a motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). However, this period will be equitably tolled "during periods when a petitioner is prevented from filing because of deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). Where the petitioner alleges delay due to ineffective assistance of counsel, any tolling period ends when petitioner "definitively learns of the harm resulting from counsel's deficiency, or obtains 'vital information bearing on the existence of his claim.'" *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (quoting *Albillo-De Leon v. Gonzales*, 410 F.3d 1090, 1100 (9th Cir. 2005)). We review the BIA's denial of the motion to reopen and its determination that Heang was not entitled to equitable tolling for abuse of discretion. *Id.* at 678.

The BIA did not abuse its discretion in denying Heang's motion to reopen because of ineffective assistance of counsel. The latest that Heang could have "definitively learned" of any deficiency in her counsel's performance was when her counsel responded to her third and final bar complaint against him, providing the relevant information about his performance in Heang's case. *See id.* at 679.

5

Because that was 203 days before Heang's motion to reopen was filed, the BIA did not abuse its discretion in holding that equitable tolling could not make her motion timely. Heang's extensive investigation into her attorney's performance long predated her motion to reopen and does not justify her delay in filing a motion to reopen some six years after her final order of removal.[1]

**DENIED**.

---

[1] We also deny Heang's motion to supplement the record on appeal (08-74058 Dkt. No. 86; 15-70380 Dkt. No. 45).

6