# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GREGORY STUART AGUILAR-RAMOS,
                      *Petitioner,*

v.

ERIC H. HOLDER JR., Attorney
General,

                      *Respondent.*

No. 07-70240

Agency No.
A036-330-584

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 4, 2009—Pasadena, California

Filed February 4, 2010

Before: Harry Pregerson and Ronald M. Gould,
Circuit Judges, and Myron H. Bright,*
Senior Circuit Judge.

Opinion by Judge Pregerson

---

*The Honorable Myron H. Bright, Senior United States Circuit Judge
for the Eighth Circuit, sitting by designation.

## COUNSEL

Jeffrey S. Renzi, Squires, Sanders & Dempsey L.L.P., Los Angeles, California for the petitioner.

Timothy Bo Stanton and Regan Hildebrand, United States Department of Justice, Washington D.C., for the respondent.

Judy Rabinovitz, American Civil Liberties Union Foundation, Immigration Rights Project, New York, New York, for the amicus.

---

## OPINION

PREGERSON, Circuit Judge:

Gregory Stuart Aguilar-Ramos ("Aguilar"), a thirty-eight year old citizen of El Salvador, has been a permanent legal resident of the United States since he was seven years old. Aguilar petitions for review of the Board of Immigration Appeals's ("BIA") order dismissing his claim of ineffective assistance of counsel and denying his applications for relief under former Immigration and Nationality Act (INA) § 212(c), 8 U.S.C. § 1182(c) (repealed effective April 1, 1997) and the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252(a)(5). We grant the petition in part, deny it in part, and remand.

I

In 1990, when Aguilar was nineteen years old, he pled guilty to second degree robbery. In 2003, Aguilar pled guilty to petty theft with priors. In 2005, the Department of Homeland Security ("DHS") charged Aguilar with removability on two grounds: (1) conviction of an aggravated felony based on the 1990 robbery conviction, and (2) conviction of two crimes of moral turpitude, based on his 1990 robbery conviction and

---

[1] Aguilar also petitions for review of his asylum claim. The IJ determined that Aguilar's asylum application was barred because he failed to apply for asylum within one year of arrival pursuant to 8 U.S.C. § 1158(a)(2)(B). Because Aguilar does not contest this finding or allege that any exception applies, he has waived the issue. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

2003 petty theft with priors conviction. In 2006, Aguilar filed applications for various forms of relief from removal.[2]

At his merits hearing, Aguilar testified about his fear of being killed if he returns to El Salvador. Specifically he expressed fear that police and gangs will harass, persecute, and kill him because his multiple tattoos and status as a deportee from the United States will mark him as a gang member, even though he is not. Alfonso Gonzales ("Gonzales"), an expert witness on policing and gangs in El Salvador, testified about El Salvador's war on gangs and the multiple threats that tattooed criminal deportees from the United States potentially face upon arrival, including: (1) imprisonment for two to six years under El Salvador's broad anti-gang legislation; (2) death or serious bodily harm in prison; (3) harassment by police and military patrols who routinely force young men to remove their shirts for tattoo inspections; and (4) death at the hands of death squads, which are comprised of off-duty police and military personnel and operate with the awareness of the government. The government introduced the 2005 State Department Human Rights Country Report on El Salvador ("Country Report") into the record. Aguilar's counsel did not submit any documentary evidence.

The Immigration Judge ("IJ") found Aguilar removable on both charges and denied all applications for relief. Aguilar appealed *pro se* to the BIA, asserting that his counsel before the IJ was ineffective and challenging the IJ's denial of his applications for relief. The BIA affirmed the IJ, adopting, for the most part, the IJ's reasoning. Aguilar timely filed this peti-

---

[2]Aguilar timely applied for cancellation of removal and relief under section 212(c) of the INA. He also applied for asylum, withholding of removal, and relief under CAT. Aguilar does not petition for review of the IJ's denial of his applications for cancellation of removal or withholding of removal. Aguilar waived his asylum claim by failing to advance any argument to overcome the one-year bar. *See supra* note 1.

tion for review. We note that Aguilar has been detained throughout these proceedings—which have lasted more than four years—without a bond hearing.[3]

## II

Where, as here, the BIA incorporates parts of the IJ's reasoning as its own, we treat the incorporated parts as the BIA's. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). We review factual findings for substantial evidence. *Id.* The BIA's interpretation of purely legal questions is reviewed de novo. *Id.*

## III

**[1]** To obtain relief under CAT, a petitioner must prove that it is more likely than not that he or she will be tortured in the country of removal. 8 C.F.R. § 1208.16(c)(2). The torture must be "inflicted by or at the instigation of or with the

---

[3]Upon review of the record, we express grave concerns over Aguilar's four-year detention. The parties do not dispute that the government's current authority to detain Aguilar derives from 8 U.S.C. § 1226(a), which provides discretionary authority to detain an alien pending a final removal decision. Section 1226(a), however, does not authorize prolonged detention of aliens absent a bond hearing before an IJ. *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 950-51 (9th Cir. 2008). Because Aguilar has been detained for over four years without a bond hearing, his detention "qualifies as prolonged by any measure." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) (noting that petitioner's three-year detention "qualifies as prolonged by any measure.") Accordingly, there is no question that Aguilar is entitled to a bond hearing under *Casas-Castrillon*.

Nonetheless, we are not convinced that we have authority to sua sponte release Aguilar on bail or to order a bond hearing in a petition for review. We encourage Aguilar to challenge his detention by filing a habeas petition pursuant to 28 U.S.C. § 2241 or by requesting a bond hearing. If he makes such a request, we remind the IJ that the government bears the burden of establishing that Aguilar-Ramos is a flight risk or a danger to the community. *See Casas-Castrillon*, 535 F.3d at 952.

consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Two forms of relief are available under CAT: (1) withholding of removal under 8 C.F.R. § 1208.16(c) for aliens who are not barred from eligibility due to enumerated types of criminal convictions, and (2) deferral of removal under 8 C.F.R. § 1208.17(a) for aliens entitled to protection but subject to mandatory denial of withholding. *See Hosseini v. Gonzales*, 471 F.3d 953, 958-61 (9th Cir. 2006).

The IJ denied Aguilar's application for deferral of removal under CAT, and the BIA affirmed.[4] Because neither the BIA nor the IJ made an adverse credibility finding, "we must assume that [Aguilar's] factual contentions are true." *Navas v. INS*, 217 F.3d 646, 652 n.3 (9th Cir. 2000). "[T]he question remaining to be answered becomes whether these facts, and their reasonable inferences, satisfy the elements of the claim for relief." *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005).

**[2]** The IJ concluded, and the BIA agreed, that Aguilar's testimony did not meet his burden of proving that it is more likely than not that he will be tortured if removed to El Salvador. The government urges us to accept this conclusion, but we need not reach this issue.[5] Even if the IJ correctly con-

---

[4]The IJ denied Aguilar's application for withholding of removal under CAT because the IJ determined that Aguilar's 1990 robbery conviction was a particularly serious crime that barred relief. The BIA did not address the withholding claim and Aguilar does not contest this denial in his petition for review.

[5]Although we need not reach this issue, we note that the IJ made certain conclusions about the reliability of Aguilar's testimony that were unwarranted. For example, the IJ stated that Aguilar failed to mention the specific names of the detainees he spoke with about the conditions in El Salvador. The record clearly demonstrates that Aguilar identified both of the detainees that he mentioned during his testimony as Maricio Guzman Sanchez and a Mr. Lopez. He even stated that he could get the address of Sanchez in El Salvador.

cluded that Aguilar's testimony, *by itself*, was insufficient to meet his burden under CAT, this conclusion would not be dispositive because a CAT applicant may satisfy his burden with evidence of country conditions alone. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001) (holding that a negative credibility finding for the purposes of an asylum claim does not preclude relief under CAT where documented country conditions corroborate a claim of torture).

**[3]** Here, it is undisputed that the Country Report on El Salvador was included in the record without objection and that Aguilar attached it to his *pro se* brief to the BIA. Yet, neither the IJ nor the BIA considered the Country Report in denying Aguilar relief under CAT.[6]

**[4]** The failure of the IJ and BIA to consider evidence of country conditions constitutes reversible error. *See, e.g.*, *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001) (holding that the BIA abused its discretion when it denied petitioner's motion to reopen by failing to consider evidence of country conditions); *Al-Saher v. INS*, 268 F.3d 1143, 1147-48 (9th Cir. 2001) ("The BIA must take [country reports] into consideration when assessing whether an applicant qualifies

---

[6]The government does not dispute that the BIA failed to mention the Country Report in its decision. The government, however, argues that "the Board is not required to cite and refute explicitly every piece of evidence offered on appeal." The one case cited by the government to support this proposition, *Wang v. BIA*, 437 F.3d 270 (2d Cir. 2006), is inapposite. In *Wang*, the Second Circuit held that the BIA did not abuse its discretion when it denied petitioner's motion to reopen *asylum* proceedings without explicitly mentioning an immigration expert's affidavit. 437 F.3d at 275. But this case involves a *CAT* claim. The regulations implementing CAT explicitly require the IJ to consider "all evidence relevant to the possibility of future torture." 8 C.F.R. § 208.16(c)(3). *Wang* is also distinguishable because the IJ and BIA in this case failed to consider a *country report*, rather than an affidavit. Country reports are accorded special weight in removal proceedings. *See, e.g.*, *Kazlauskas v. INS*, 46 F.3d 902, 906 (9th Cir. 1995). Accordingly, the BIA erred in not considering the Country Report on El Salvador.

under the Convention [Against Torture].”). The government argues that the Country Report fails to demonstrate a likelihood of torture by the government or with the government's acquiescence. Such an argument is premature. Because the BIA failed to consider the Country Report at all, the proper course of action is to remand with instructions that the BIA reconsider Aguilar's CAT claim in light of the Country Report. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

**[5]** In addition to his failure to consider the Country Report, the IJ and BIA erred by construing "government acquiescence" too narrowly. Government acquiescence does not require actual knowledge or willful acceptance of torture; awareness and willful blindness will suffice. *Zheng v. Ashcroft*, 332 F.3d 1186, 1194-95 (9th Cir. 2003). There is evidence in the record that suggests that gangs and death squads operate in El Salvador, and that its government is aware of and willfully blind to their existence. Therefore, we grant Aguilar's petition for review and remand for the BIA to reconsider his application for deferral of removal under CAT. On remand, we expect the BIA will consider the Country Report and other relevant documents and apply the appropriate "awareness and willful blindness" standard to determine whether the government acquiesced in torture.[7]

---

[7]We note that the IJ did not err by failing to consider the expert witness testimony of Alfonso Gonzales. The IJ permitted Gonzales to testify and admitted his testimony into the record. The IJ listened to the testimony and stated reasons in the record why the testimony was insufficient to establish the probability of torture necessary to grant CAT relief.

An expert is permitted to base his opinion on hearsay evidence and need not have personal knowledge of the facts underlying his opinion. *See Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006) ("[H]earsay [evidence] is admissible if it is probative and its admission is fundamentally fair . . . ."). *See also* 8 C.F.R. § 1240.7(a) ("The immigration judge may receive in evidence *any oral or written statement that is material and relevant to any issue in the case* previously made by the *respondent or any other person* during an investigation, examination, hearing, or trial.") (emphasis added).

IV

**[6]** In 2006, Aguilar applied for waiver of removal under former Immigration and Nationality Act (INA) § 212(c), 8 U.S.C. § 1182(c) (repealed effective April 1, 1997). Section 212(c) allowed certain long-time permanent residents to petition the Attorney General for a discretionary waiver of removal for certain enumerated grounds of inadmissibility. *See INS v. St. Cyr*, 533 U.S. 289, 294-97 (2001) (providing history of section 212(c) relief). Section 212(c) was repealed in 1996, but individuals who entered guilty pleas prior to April 1, 1997, who otherwise would have been eligible for section 212(c) relief at the time of their pleas, remain eligible for relief. *See* 8 C.F.R. § 1212.3(h). For a petitioner such as Aguilar to qualify for section 212(c) relief, the ground of *removal* must have a statutory counterpart among the grounds of *inadmissibility*. 8 C.F.R. § 1212.3(f)(5).

**[7]** The first ground for Aguilar's *removal*—conviction of a "crime of violence" aggravated felony—does not have a statutory counterpart with a ground of *inadmissibility*; therefore the Attorney General does not have authority to waive the first ground for Aguilar's removal. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 n.7 (9th Cir. 2009) (en banc), *adopting the analysis of Abebe v. Gonzales*, 493 F.3d 1092, 1101-05 (9th Cir. 2007) (upholding *In re Brieva-Perez*, 23 I. & N. Dec. 766, 772 (BIA 2005)). The Attorney General also does not have authority to waive the second ground for Aguilar's removal—conviction of *two* crimes involving moral turpitude

---

Nevertheless, the IJ was not required to adopt as true all of the facts on which Gonzales based his opinion, nor was the IJ required to find that Gonzales's unrebutted testimony made it more likely than not that Aguilar would be tortured upon returning to El Salvador. Although we hold that the IJ did not err by failing to consider Gonzales's testimony, we expect that the BIA will reconsider Gonzales's testimony on remand in the context of reviewing all the record evidence under the proper "awareness and willful blindness" standard for government acquiescence.

—because Aguilar did not plead to the second crime involving moral turpitude until *after* Congress repealed section 212(c). *See* 8 C.F.R. § 1212.3(h). Accordingly, we affirm.

V

Aguilar's sole ineffective assistance of counsel argument on appeal is that his immigration court attorney rendered deficient performance by failing to submit documents to corroborate the testimony of expert witness Gonzales regarding the likelihood that Aguilar will experience persecution and torture if removed to El Salvador. Because we grant the petition for review of Aguilar's CAT claim, we need not reach his ineffective assistance claim, as we expect that on remand Aguilar will be permitted to introduce the omitted documentary evidence that formed the basis of the ineffective assistance claim.

In conclusion, we grant the petition for review as to Aguilar's application for CAT relief, deny the petition as to Aguilar's application for relief under section 212(c), and remand to the BIA for proceedings consistent with this opinion.[8]

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**

---

[8]We do not mean to suggest that a gang member can never be deported to El Salvador. On remand, we merely hold that the BIA and IJ must consider all the evidence presented by Aguilar and state their conclusions in the record.