**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAJESH VIKRAM DUTT, | No. 07-73924 |
| Petitioner, | Agency No. A098-532-915 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010 [**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Rajesh Vikram Dutt, a native and citizen of India, petitions for review of the

Board of Immigration Appeals ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias-Zacarias,* 502 U.S. 478, 481 (1992), and we deny the petition for review.

The BIA denied Dutt's asylum application claim as time-barred. Dutt does not challenge this finding in his opening brief. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 703 n.1 (9th Cir. 2010) (where applicant did not contest a finding of untimeliness, issue is waived).

Substantial evidence supports the BIA's finding that even if Dutt established past persecution, the government established by a preponderance of evidence that Dutt could reasonably relocate within India, particularly given that his wife and children are safely residing in Haryana, India. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1069-70 (9th Cir. 2003) (the presumption of a country-wide threat of persecution can be rebutted by showing that under all the circumstances the applicant could reasonably be expected to relocate). Accordingly, Dutt's claim for withholding of removal fails.

Substantial evidence also supports the agency's denial of CAT relief because Dutt failed to demonstrate it was more likely than not he will be tortured if returned to India. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122-23 (9th Cir. 2004) (denying CAT relief based on the possibility of internal relocation).

**PETITION FOR REVIEW DENIED.**