BERZON, Circuit Judge,
dissenting in part:
I concur in Part 1 of the panel’s disposition. Because I would grant Chen’s petition with regard to his CAT claim, I respectfully dissent from Part 2.
The BIA did not give any reasons for denying Chen’s CAT claim. It made only the conclusory statement that Chen had “not presented any persuasive arguments” for reversing the IJ’s denial of CAT relief. In turn, none of the IJ’s reasons for denying CAT relief indicate that the IJ gave any consideration to the country report in the record. Nor did the BIA or the IJ make a “general statement that [they] considered all the evidence before [them].” See Cole v. Holder, 659 F.3d 762, 771 (9th Cir.2011).
The majority concludes that the Country Report in the record “contains no probative evidence” regarding Chen’s CAT claim. I disagree. The State Department’s 2005 Country Report on Human Rights Practices documents the following country conditions relevant to Chen’s testimony that he feared forced sterilization and imprisonment upon return to China:
• [P]olice and other elements of the security apparatus employed torture and degrading treatment in dealing with some detainees and prisoners[, a] chronic problem.
• Sexual and physical abuse ... in some detention centers.
• [A]t least seven thousand people were forcibly sterilized [in 2005].
Because nothing in the record indicates that either the BIA or the IJ gave “reasoned consideration to [this probative] evidence,” Cole, 659 F.3d at 772, “the proper course of action is to remand with instructions that the BIA reconsider [Chen’s] CAT claim in light of the Country Report,” Aguilar-Ramos v. Holder, 594 F.3d 701, 705 (9th Cir.2010) (citing INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam)).