**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XICHENG ZHOU,<br><br>    Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>    Respondent. | No. 11-73984<br><br>Agency No. A078-750-327<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2016[**]
Pasadena, California

Before: KLEINFELD, McKEOWN, and IKUTA, Circuit Judges.

Xi-Cheng Zhou appeals the BIA's decision affirming the dismissal of his second motion to reopen his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA did not abuse its discretion in denying Zhou's second motion to reopen. Zhou failed to show that the enforcement of family planning policies in his village became more stringent since his 2001 hearing. *See Feng Gui Lin v. Holder*, 588 F.3d 981, 986 (9th Cir. 2009). The letters from the Yingqian District Resident Committee and Yingqian Village Family Planning Office do not state that there has been a change in policy or practice after 2001. *See id.* Further, they are not material to Zhou's situation, because they do not address how the family planning rules apply when one of the spouses is a U.S. citizen. *See id.* at 988–89. Neither the affidavit by Xiqiu Zou nor Zhou's statement in his affidavit regarding the information he obtained from Xiqiu Zou are material, because there is no indication that Xiqiu Zou's children were born outside of China or that his wife is a citizen of a foreign country. *See id.* at 986. Furthermore, neither the 2008 Country Report from the State Department nor the Congressional-Executive 2009 Annual Report, to which this court gives "special weight," *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 n.6 (9th Cir. 2010), demonstrate a change in conditions in China since March 23, 2001. Instead, both reports demonstrate a continuation of previous family planning policies in China.

**PETITION DENIED**.