**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO PETERSEN-PALMA, AKA Hugo Leonel Petersen Palma, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-72776 <br><br> Agency No. A021-551-663 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2015
Resubmitted April 28, 2016[**]
Pasadena, California

Before: THOMAS, Chief Judge, CALLAHAN, Circuit Judge and KORMAN,[***] Senior District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Hugo Petersen-Palma, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals's ("BIA") decision affirming the denial of his application for withholding of removal under INA § 241(b)(3)(A) and deferral of removal under the Convention Against Torture ("CAT").[1] We review for substantial evidence the factual findings underlying the BIA's denial of both bases for relief from removal. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010) (CAT); *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010) (withholding of removal). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

I

Substantial evidence supports the BIA's denial of withholding of removal. Petersen-Palma failed to establish that "it is more likely than not that he would be subject to persecution" on account of a protected ground. *See Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (quoting *INS v. Stevic*, 467 U.S. 407, 429–30 (1984)). Tattooed former gang members do not constitute a particular social

---

[1] We held this case in abeyance while the United States District Court for the Southern District of California adjudicated Petersen-Palma's claim to United States citizenship. Because the district court concluded that Petersen-Palma is a citizen of Guatemala, not of the United States, we now reach Petersen-Palma's remaining claims for relief from removal. *See Petersen-Palma v. Lynch*, No. 3:15-cv-1313-H-JMA (S.D. Cal. Dec. 16, 2015).

group, *Arteaga v. Mukasey*, 511 F.3d 940, 945–46 (9th Cir. 2007), and resisting gang recruitment alone does not constitute a protected political opinion, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Petersen-Palma cannot avoid these precedents by solely reframing the issue as one of imputed political opinion. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (per curiam).

## II

Substantial evidence supports the BIA's denial of deferral of removal under CAT. The BIA considered all the evidence, including Petersen-Palma's testimony and the State Department country condition report. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011) (remanding where BIA failed to consider evidence regarding gang-related violence directed toward individuals with gang-related tattoos). Almost all of the evidence Petersen-Palma provided was either speculative or addressed gang-related violence directed toward youth. That evidence does not compel the conclusion that it is "more likely than not" that Petersen-Palma, who is over forty-five years old, will be tortured upon removal either by or with the acquiescence of the Guatemalan government. *See Andrade v. Lynch*, 798 F.3d 1242, 1245 (9th Cir. 2015) (per curiam) (concluding that Ninth

3

Circuit precedent "does not establish that any tattoos are enough to justify Convention Against Torture relief"); *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1051–52 (9th Cir. 2012) (concluding that petitioner failed to establish the type of widespread gang-related abuse in Gautemala "that would support CAT relief based on country conditions alone").

**PETITION DENIED.**