**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FROYLAN RODRIGUEZ-HUERTA, AKA Froylan Rodriguez, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-70137 <br><br> Agency No. A200-885-276 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2018[**]
Seattle, Washington

Before: D.W. NELSON and WATFORD, Circuit Judges, and PREGERSON,[***] District Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

Froylan Rodriguez-Huerta, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's ("BIA") denial of his application for withholding of removal and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). Whether the BIA has applied the correct standard of review is a question of law that we review de novo. *See Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). We grant Rodriguez-Huerta's petition and remand.

## I.      Withholding of Removal

The BIA is required to review findings of fact for clear error and cannot conduct de novo review of those facts. 8 C.F.R. § 1003.1(d)(3)(i), (iv). "Where there are mixed questions of fact and law, the BIA must break down the inquiry into its parts and apply the correct standard of review to the respective components; it cannot glue the two questions together and review the factual question de novo." *Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013) (citations, internal alterations, and quotations omitted).

---

[1] The agency also denied Rodriguez-Huerta's application for cancellation of removal, but he does not petition for review on this ground.

As to Rodriguez-Huerta's withholding of removal claim, the Immigration Judge ("IJ") erred when he did not consider or find facts related to Rodriguez-Huerta's argument that he would be targeted as a former government informant. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (holding that agency may not ignore arguments raised by a petitioner). The IJ made findings related to Rodriguez-Huerta's fear that he may experience random violence based on being perceived as a wealthy person returning from the United States. However, the IJ made no findings of fact on Rodriguez-Huerta's claim that he would be persecuted based on his membership in the government informant group, including whether Rodriguez-Huerta would be recognized as a government informant. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1089 (9th Cir. 2013) (en banc) (holding that "perception of the persecutors may matter the most" in a well-founded fear of future persecution claim); *Vitug*, 723 F.3d at 1063–64 (stating that intentions of persecutors are factual determinations). "Where the IJ has not made a finding of fact on a disputed matter, and such a finding is necessary to resolution of the case, the BIA must remand to the IJ to make the required finding; it may not conduct its own fact-finding." *Rodriguez*, 683 F.3d at 1170 (citing 8 C.F.R. § 1003.1(d)(3)(iv)). We therefore remand so that the IJ can conduct the

3

necessary fact finding on Rodriguez-Huerta's claim that he will more likely than not face persecution on account of being a former government informant.

As Petitioner argues, the IJ also did not make any findings as to the government's willingness or ability to control persecutors. "And in determining that the record does not support the conclusion that the government would be unable or unwilling to protect [Rodriguez-Huerta], the BIA made additional factual findings that the IJ never made." *Vitug*, 723 F.3d at 1063–64 (internal quotations omitted). Thus, we remand so that the IJ can make factual determinations about the government's willingness or ability to control persecutors. *Rodriguez*, 683 F.3d at 1170.

## II. CAT Relief

Neither the BIA nor the IJ considered the Country Conditions report. "[F]ailure of the BIA to consider evidence of country conditions constitutes reversible error where the Country Report has been submitted as evidence, it addresses the risk of torture, and the BIA does not even mention it." *Andrade v. Lynch*, 798 F.3d 1242, 1244 (9th Cir. 2015) (per curiam). "The government argues that the Country Report fails to demonstrate a likelihood of torture by the government or with the government's acquiescence. Such an argument is premature." *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010). We

therefore grant the petition for review as to Rodriguez-Huerta's application for CAT relief and remand to the BIA with instructions to reconsider his CAT claim in light of the country conditions in Mexico and state its conclusions in the record. *Id.* at 705.

**PETITION FOR REVIEW GRANTED; REMANDED FOR FURTHER PROCEEDINGS IN CONFORMITY WITH THIS MEMORANDUM.**