NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES NJOIKOU ABAJEIH, AKA
Charles Abajeih Njoku,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   20-72348

Agency No. A213-187-583

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2021
Pasadena, California

Before: KELLY,[**] M. SMITH, and FORREST, Circuit Judges.

    Petitioner Charles Njoikou Abajeih seeks review of a Board of Immigration

Appeals's (BIA) decision dismissing his appeal from an Immigration Judge's (IJ)

denial of his applications for asylum, withholding of removal, and relief under the

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and remand to the BIA for further proceedings.

The parties are familiar with the facts, so we provide only a brief outline. Petitioner is a native English speaker from Cameroon, twice detained by his government. After his first release in November 2015, Petitioner moved to Nigeria, where he used a fake marriage certificate, false employment information, and a Nigerian passport under a false name to apply for a U.S. visa. That visa was denied because Petitioner's fingerprints connected him to two identities.

Petitioner returned to Cameroon. In December 2018, military personnel accused Petitioner of using money from his brother to support separatists, detained him, and beat him. Petitioner was released when his brother provided payment to the prison commander in April 2019. On September 4, 2019, Petitioner was detained at the San Ysidro, California port of entry and on September 8, 2019, gave a sworn statement in proceedings under INA § 235(b)(1). Petitioner falsely claimed that he had never used another name and had applied for a U.S. visa once and was denied.

Pursuant to a Notice to Appear, Petitioner appeared pro se in immigration court and admitted entering this country without entry documents. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I). In his testimony before the IJ, Petitioner provided multiple dates of when he left Cameroon for the second time. He eventually clarified that

2

his second arrest was in December 2018 and his second time leaving Cameroon was upon his release in 2019. The IJ denied Petitioner's applications for asylum and withholding of removal based upon an adverse credibility determination. The IJ also found Petitioner's claim for CAT protection too weak because of incredible testimony and a failure to show a likelihood of torture. The BIA affirmed on these grounds.

## STANDARD OF REVIEW

We review the BIA's decision except where it explicitly adopts the IJ's opinion. *Plancarte v. Garland*, 9 F.4th 1146, 1151 (9th Cir. 2021). We review adverse credibility determinations under a substantial evidence standard. *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013). "[C]redibility determinations are made—and must be reviewed—based on 'the totality of the circumstances and all relevant factors,' not a single factor." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The substantial evidence standard is extremely deferential because an agency's "reasonable findings may not be disturbed." *Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021). The agency may abuse its discretion, however, when it ignores arguments or evidence. *Vitug v. Holder*, 723 F.3d 1056, 1064 (9th Cir. 2013).

**A. Asylum and Withholding of Removal**

The BIA affirmed based on the adverse credibility determination noting Petitioner's inconsistent testimony, omissions, and fraudulent actions. The record supports the BIA's conclusion that Petitioner testified inconsistently as to when he left Cameroon last. During his final removal hearing, Petitioner testified that he left Cameroon for the second time in December 2016, but also that he lived in Cameroon from March 2016 to December 2018. After the IJ pointed out that Petitioner could not have fled Cameroon in December 2016 if he was living in its capital for two more years, he testified that he was arrested for the second time in December 2018 and fled for the second time after his release in April 2019.

Although the IJ noted that Petitioner's subsequent testimony "br[ought] back into alignment his second detention," realigning testimony does not change the fact that testimony is inconsistent. The IJ's finding that Petitioner's testimony was "internally inconsistent[,] . . . implausible, and difficult to believe" is a permissible view of the evidence and supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Li v. Garland*, 13 F.4th 954, 958–59 (9th Cir. 2021). It is a conclusion that a reasonable adjudicator could make. *See Ming Dai*, 141 S. Ct. at 1677. Substantial evidence thus supports the BIA's decision. 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992).

The agency also viewed as material Petitioner's omissions and false statements made under oath. "[I]n general, 'omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony.'" *Iman v. Barr*, 972 F.3d 1058, 1067 (9th Cir. 2020) (quoting *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014)). However, the agency may rely on omissions when making credibility determinations as long as they are "weighed in light of the totality of the circumstances and all relevant factors." *Id.* In his INA § 235(b)(1) sworn statement, Petitioner lied about a second time he applied for a U.S. visa and did not disclose that he had provided fraudulent information including a false name. Petitioner's omissions were part of statements taken under oath and recorded; furthermore, he admitted to initialing each page of the report, and he was cross-examined on the issue. *See* 8 U.S.C. § 1225(b)(1). The IJ was not required to credit this explanation as "even minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination." *Li*, 13 F.4th at 959 (quoting *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011)).

**B. CAT Protection**

The BIA affirmed the IJ's decision to deny CAT protection based on its adverse credibility determination and the merits. Of course, the BIA must provide its reasons and demonstrate proper consideration of all factors when reviewing a

5

claim for CAT relief. *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006). This includes consideration of country conditions in the record. *See* 8 C.F.R. § 208.16(c)(3) (2020). In *Aguilar-Ramos v. Holder*, this court decided that "the failure of the IJ and BIA to consider evidence of country conditions constitutes reversible error." 594 F.3d 701, 705 (9th Cir. 2010). This is because country conditions alone could satisfy a CAT applicant's burden. *Id.* Here, neither the IJ nor the BIA discussed the country conditions in the record. And we cannot assume that the BIA considered matters upon which its opinion is silent. *Etemadi v. Garland*, 12 F.4th 1013, 1026 (9th Cir. 2021).

We **DENY** the petition for review of Petitioner's asylum and withholding of removal claims and **REMAND** Petitioner's CAT claim to the BIA for proceedings consistent with this memorandum.