
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|   |   |
|---|---|
| HENRY ADALBERTO DOMINGUEZ-ALVAYERO, | No. 20-71881 |
| Petitioner, | Agency No. A208-567-658 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023**
Pasadena, California

Before: KLEINFELD, WATFORD, and COLLINS, Circuit Judges.

Henry Adalberto Dominguez-Alvayero petitions this Court for a review of

the Board of Immigration Appeals's decision affirming the immigration judge's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denials of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Because the Board adopted the immigration judge's decision in its entirety and added its own comments, we review the decisions of both the Board and the immigration judge. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 976 (9th Cir. 2022). We review legal conclusions de novo and factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Our review is limited to the grounds actually relied on by the agency. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

For Dominguez-Alvayero's asylum and withholding-of-removal claims, the immigration judge correctly decided that his proposed social group of "Salvadorian young men" or "young Salvadorian men from El Salvador" falls short of the requirement of a common immutable characteristic and hence cannot constitute a protected ground for the two requested forms of relief. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180–81 (9th Cir. 2021). Moreover, the agency permissibly concluded that Dominguez-Alvayero's reliance on a proposed social group of persons opposed to gang recruitment did not establish a nexus to a protected ground. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745–47 (9th Cir.

2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).

For his claim under the CAT, nothing in the record compels us to reverse the immigration judge's finding that Dominguez-Alvayero failed to establish that it is more likely than not that he will face torture "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010) (quoting 8 C.F.R. § 1208.18(a)(1)). Dominguez-Alvayero alleges he would be tortured by members of the MS Gang if removed to El Salvador, and generally claims that the police in El Salvador are corrupt and associated with the gang. Yet he conceded at the hearing that Salvadorian police sometimes "do investigate crimes committed by gang members," including the MS Gang's alleged murder of his cousin. Dominguez-Alvayero claims that, on one occasion, police officers searched and handcuffed him while also warning that the MS Gang was targeting him. But the immigration judge reasonably concluded that the fact these officers warned Dominguez-Alvayero, rather than turn him over to the gang members, undermines his claim that the police would assist in or acquiesce to his torture.

**PETITION DENIED.**