NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



MARTHA ALICIA GUERRERO-
VILLALTA; RUTH SARAI UMANA-
GUERRERO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-2929

Agency Nos.
A208-696-833
A208-696-834

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 8, 2024
Las Vegas, Nevada

Before: BEA, CHRISTEN, and BENNETT, Circuit Judges.

Martha Alicia Guerrero-Villalta[1] (Guerrero), a native and citizen of El

Salvador, petitions for review of the Board of Immigration Appeals' (BIA) order

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1] Martha Alicia Guerrero-Villalta is the principal applicant for asylum, and Ruth
Sarai Umana-Guerrero is Martha's minor daughter and rider.  This disposition uses
the singular "Guerrero" to refer to both parties.

dismissing her appeal from an Immigration Judge's (IJ) decision denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Reviewing the agency's legal conclusions de novo and factual findings for substantial evidence, *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022), we deny the petition.

1. On asylum and withholding of removal, substantial evidence supports the agency's decision that Guerrero did not meet her burden of establishing that any persecution was or would be "committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). The IJ relied on: (1) Guerrero's testimony that the local Mara Salvatrucha (MS) gang feared arrest from the police; and (2) a country conditions report indicating that the Salvadoran government had, as of 2016, imprisoned more than sixteen thousand gang members. Guerrero's generalized evidence that Salvadoran women receive little to no guarantees of protection from the state, does not "compel[] the conclusion" that the government in El Salvador would be unable or unwilling to protect her. *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir. 2000), *abrogated in part on other grounds by Garland v. Ming Dai*, 593 U.S. 357 (2021); *see also Lolong v. Gonzales*, 484 F.3d 1173, 1178

(9th Cir. 2007) (en banc) ("Even if we might have reached a conclusion different from that reached by the BIA, we may not reverse unless we determine that any reasonable factfinder would have been compelled to reach that conclusion.").

2. For similar reasons, Guerrero does not meet her higher burden to establish eligibility for CAT relief.  *See Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) ("[T]orture is more severe than persecution and the standard of proof for the CAT claim is higher than the standard of proof for an asylum claim.").  A CAT applicant must show that torture would be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity."  8 C.F.R. § 1208.18(a)(1); *Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010).  The fact of gang member arrests in Guerrero's locality, as well as state efforts to imprison more than sixteen thousand current or former gang members, constitute substantial evidence for the agency to conclude that the government is not "willfully blind" to gang violence.  *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (citation omitted).  The record does not compel an alternate conclusion.

**PETITION DENIED.**