NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 8 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE GABINO MERINO-ABARCA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    17-70870

Agency No. A206-408-258

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2022[**]
Pasadena, California

Before:  PAEZ and WATFORD, Circuit Judges, and BENNETT,[***] District Judge.

Jose Merino-Abarca petitions for review of a decision of the Board of

Immigration Appeals (BIA) dismissing his appeal from an order of an immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

judge (IJ) denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition as to the asylum and withholding claims but grant the petition as to the CAT claim.

1. Even if we assume that Merino-Abarca's asylum application was timely filed, the agency's determination that Merino-Abarca failed to establish a well-founded fear of future persecution on account of his membership in a particular social group is supported by substantial evidence. We have repeatedly held that resistance to gang recruitment alone does not make a petitioner eligible for asylum or withholding of removal. *See, e.g.*, *Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009); *Ramos-Lopez v. Holder*, 563 F.3d 855, 861–62 (9th Cir. 2009), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Merino-Abarca argues that his case is distinguishable because he was young and living with his grandparents at the time and thus lacked parental protection. However, the particular social group of "young Salvadoran men who resist gang violence and intimidation" is not sufficiently particular or socially distinct to support Merino-Abarca's claim. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 746 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas*, 707 F.3d 1081. Further, the BIA correctly noted that Merino-Abarca did not provide evidence showing either that the gang members knew that he did not live with his parents or that he was targeted for that reason.

**2.** The BIA erred in affirming the IJ's denial of Merino-Abarca's CAT claim. The IJ denied CAT relief based solely on Merino-Abarca's alleged failure to prove police acquiescence in any torture he might face if removed to El Salvador. The IJ based that determination, in turn, on the fact that Merino-Abarca did not report any of the gang-related threats he received to the police. Notably absent from the agency's decision, however, is any acknowledgement of the country conditions evidence provided by Merino-Abarca. That evidence indicates that the government routinely acquiesces in gang violence, reporting "instances of corruption and criminality" in the police force, "substantial corruption" in the judiciary, and "gang intimidation and violence" against witnesses. The country conditions evidence contradicts the IJ's assertion that "there is nothing in this record to indicate . . . that anybody in [a] public capacity would be interested in turning a blind eye or otherwise acquiesce to respondent being tortured."

Country conditions evidence alone may satisfy a petitioner's burden under CAT, and thus "any indication" that the agency has failed to consider such evidence may warrant remand. *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018); *see Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010) ("The failure of the IJ and BIA to consider evidence of country conditions constitutes reversible error."). Given the agency's complete failure to consider, as the CAT regulations require, "all evidence relevant to the possibility of future

torture," 8 C.F.R. § 1208.16(c)(3), remand is warranted here. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089 (9th Cir. 2020); *Parada v. Sessions*, 902 F.3d 901, 916 (9th Cir. 2018). We remand Merino-Abarca's CAT claim to the agency for further consideration in accordance with the governing regulations.

**PETITION FOR REVIEW GRANTED in part and DENIED in part; CASE REMANDED.**

The parties shall bear their own costs on appeal.