NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MA GUADALUPE PARRA SANTACRUZ, | No. 20-72819 |
| Petitioner, | Agency No. A208-926-475 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2021
Submission Vacated June 9, 2022
Resubmitted January 11, 2023
Pasadena, California

Before: BERZON and RAWLINSON, Circuit Judges, and ANTOON,** District Judge. Concurrence by Judge RAWLINSON.

Ma. Guadalupe Parra Santacruz, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA's) order dismissing her appeal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

from an Immigration Judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252 and review "denials of asylum, withholding of removal, and CAT relief for substantial evidence." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We grant the petition and remand.[2]

1.     The agency's adverse credibility determination is not supported by substantial evidence. Mrs. Parra provided detailed, complex, and coherent testimony about the kidnapping and eventual murder of her son, her fruitless attempts to compel a serious police investigation, and threats she received from both government officials and suspected cartel members as she investigated the case herself. The inconsistencies highlighted by the agency are either trivial in light of other evidence, adequately explained by Mrs. Parra, or not inconsistent at all. The agency's determination that certain parts of Mrs. Parra's testimony were implausible is itself implausible. Finally, while Mrs. Parra and her older son did lie to border officials about whether they had previously resided in the United States and whether they knew the whereabouts of Mrs. Parra's husband—who was then

---

[1]     On May 25, 2022, this Court severed and dismissed Petitioners David Villasenor Parra and Joram Villasenor Parra from this petition for review. Dkt. No. 43.

[2]     Mrs. Parra's argument that the Immigration Judge lacked jurisdiction over her removal proceedings because of deficiencies in her Notice to Appear is foreclosed by this Court's en banc decision in *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc).

living illegally in the United States—these misrepresentations are explainable by a fear of persecution and an understandable desire to protect Mrs. Parra's husband from deportation. The statements do little to undermine the core of Mrs. Parra's testimony under the totality of circumstances. *See Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) ("[U]nder the REAL ID Act, credibility determinations are made—and must be reviewed—based on the 'totality of the circumstances and all relevant factors,' not a single factor.").

2.      The agency's determination that Mrs. Parra did not establish a nexus between the harm she fears and her membership in her proposed family-based social groups is also unsupported by substantial evidence. Contrary to the agency's suggestion, Mrs. Parra never alleged that her son was "kidnapped and killed other than for criminal reasons." Instead, she alleged both past persecution and a fear of future persecution on account of her status as a family member who "openly reported and/or independently investigated [those] criminal acts." Mrs. Parra's testimony that she was repeatedly threatened by suspected cartel members and government officials who urged her to drop her investigative efforts is sufficient to establish a nexus between the harm she fears and her proposed social groups. Because the BIA did not reach the question whether Mrs. Parra's proposed particular social groups were cognizable, we do not address that issue.

3.      The agency's determination that Mrs. Parra failed to meet her burden

of proof to demonstrate eligibility for relief under CAT was improper. The agency erred by failing to consider Mrs. Parra's significant country conditions evidence, including newspaper articles, a State Department country report, and signed declarations from two expert witnesses. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010). The agency must reconsider Mrs. Parra's CAT claim in light of that evidence and the remainder of this disposition, including the rejection of the agency's adverse credibility determination. *Id.* at 706.

For these reasons, we grant the petition and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18 (2002) (per curiam).

**Petition GRANTED; REMANDED**.

***Parra Santacruz v. Garland*, Case No. 20-72819**
**Rawlinson, Circuit Judge, concurring:**

I agree with the majority's conclusion that this case should be remanded for the agency to conform its adverse credibility determination to our recent decision in *Alam v. Garland*, 11 F4th 1133, 1135 (9th Cir. 2021) (requiring that credibility determinations be made "based on the totality of the circumstances and all relevant factors") (citation omitted).

I also agree that the Immigration Judge had jurisdiction to conduct the proceedings as determined in our recent en banc decision, *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc).

1