NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PABLO MANUEL MAGANA PEREZ, | No. 21-247 |
| Petitioner, | Agency No.    A206-591-013 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
March 7, 2023
San Francisco, California

Before: FRIEDLAND and R. NELSON, Circuit Judges, and KATZMANN,**
Judge.
Partial Concurrence and Partial Dissent by Judge KATZMANN.

Petitioner Pablo Manuel Magana Perez seeks review of a final order of

removal issued by the Board of Immigration Appeals (BIA). The BIA dismissed

Magana Perez's appeal of the Immigration Judge's (IJ) order denying his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

applications for asylum and withholding of removal under the Immigration and Nationality Act and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and we deny the petition.

The agency's factual findings are reviewed for substantial evidence. *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020). "[T]o reverse such a finding[,] we must find that the evidence not only supports a contrary conclusion, but compels it." *Wang*, 861 F.3d at 1007 (cleaned up). We cannot reinterpret the record, reweigh the evidence, or substitute our judgment for that of the agency. *See Singh v. INS*, 134 F.3d 962, 969 n.14 (9th Cir. 1998); *Cruz-Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir. 2000) (we cannot "substitute an analysis of which side in the factual dispute we find more persuasive" (quoting *Marcu v. INS*, 147 F.3d 1078, 1082 (9th Cir. 1998))). "Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (citation omitted).

1.    Substantial evidence supports the agency's denial of Magana Perez's asylum and withholding claims. Magana Perez alleged that he was persecuted on account of his membership in the particular social group of "Mexican landowners who report crimes to the police." The BIA affirmed the IJ's conclusion that Magana Perez did not establish a nexus between his harm and his alleged particular social group because the goal of both Magana Perez's past attackers and the new gang present in his hometown area was "to maintain the

2

criminal enterprise" rather than target Magana Perez for informing the police that the gang had approached him about giving up his family's land.

Substantial evidence supports this conclusion. The IJ concluded, based on the record, that Magana Perez and his family were not singled out for any particular reason and that the motivation for the gang's attempted extortion was mere criminal activity. In so doing, the IJ pointed to Magana Perez's testimony that his attackers' motives, both past and future, were merely pecuniary, and that no members of his family have been physically harmed, even though they continue to own the land that his attackers sought. Accordingly, the record does not compel the conclusion that Magana Perez established nexus.

2.     Magana Perez argues the agency erred in denying CAT relief because it found that Magana Perez could relocate to another part of Mexico upon return and discounted evidence that he established past torture at the hands of the Mexican police, which he argues would entitle him to a presumption of nationwide harm.

Before the IJ, Magana Perez presented some evidence that the men who attacked him may have been affiliated with the police and testified that they were members of a gang. But he also testified that he did not know "which particular group" was responsible for the attack. Based on this uncertainty, the IJ concluded that Magana Perez could relocate to avoid future harm, and the BIA found no clear error in that determination.

"While petitioners seeking CAT relief are not required to prove that safe

3

relocation would be factually impossible, they do 'carr[y] the overall burden of proof.'" *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022) (alteration in original) (quoting *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc)). The IJ explained that Magana Perez could not show that whoever tortured him would still be interested in him or capable of finding him throughout the country, and the record does not compel the alternative conclusion. Magana Perez's statements reflect uncertainty about the circumstances of his kidnapping and the identity of his attackers. Even though the attackers allegedly had a "badge" and attacked Magana Perez shortly after he reported a previous crime to the local police, the record does not definitively establish that the attackers were affiliated with the police.[1]

The agency also considered the potential affiliation between the attackers and the local police, and still concluded that Magana Perez had not met the high burden required for relief under the CAT because Magana Perez could safely relocate. Although we have held that persecution by local government actors establishes a presumption of nationwide harm in the asylum context, *see Edu v. Holder*, 624 F.3d 1137, 1146 (9th Cir. 2010), that presumption is not available in

---

[1] The dissent notes that "Magana Perez's testimony never suggests that the police were *not* involved in his torture," and that we have "reasoned that evidence of police involvement in torture is relevant to the relocation analysis." But this flips our standard of review on its head. Under substantial evidence review, it is irrelevant what the record does "not" suggest; the inquiry is whether the agency's determination is supported by sufficient record evidence. *See, e.g., Sharma v. Garland*, 9 F.4th 1052, 1066–67 (9th Cir. 2021).

the CAT context because the applicant for CAT relief "carries the overall burden of proof," *Maldonado*, 786 F.3d at 1164.[2]  Thus, even if Magana Perez's attackers were affiliated with (or even included) the local police, this does not compel the conclusion that the attackers would be likely to pursue Magana Perez should he relocate in Mexico.[3]

---

[2] The dissent also accuses us of applying a too onerous standard that "without a presumption in the petitioner's favor, the omitted evidence must 'compel the conclusion that the attackers would be likely to pursue Magana Perez should he relocate in Mexico.'"  This standard is not unduly onerous, rather it is the standard we must apply under substantial evidence review.  *See, e.g.*, *Sharma* 9 F.4th at 1067.

[3] The IJ did not mention the fact that Magana Perez testified that the attackers showed him a "badge" upon arriving at his house.  That omission does not necessitate remand.  *See Hernandez v. Garland*, 52 F.4th 757, 771 (9th Cir. 2022) ("[I]f evidence is neither 'highly probative [n]or potentially dispositive,' the Board need not expressly discuss it." (second alteration in original) (quoting *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020))).

The dissent instead critiques us for not resting our analysis on the standard that the agency must consider "all evidence relevant to the possibility of future torture," including "[e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured" under 8 C.F.R. § 1208.16(c)(3).  The core of the dissent's grievance is that the agency failed to specifically mention Magana Perez's testimony that his kidnappers "showed him a badge before abducting him," which according to the dissent is "indication that the [agency] did not consider all of the evidence before it," and was "key evidence" that "could shed light on their affiliation."  The dissent would also find that the badge testimony was "highly probative or potentially dispositive" "because it may establish a finding by the agency" that Magana Perez's alleged attackers were "still sufficiently associated with public authority to render future relocation unsafe."

But the dissent's approach ventures too far into reweighing or crediting testimony that was properly considered by the agency.  The notion that a certain piece of evidence merely "may" or "could" establish a finding defeats the

On the contrary, as the IJ recognized, the record shows that Magana Perez's attackers were associated with a gang that is no longer located in his family's area. Magana Perez contends that the New Generation gang has now taken over the area, and the record fails to evince that members of this gang would have any reason to target Magana Perez in particular. This, and the fact that Magana Perez's close family members have continued to live in Mexico on his family's land without facing any physical harm, shows that the agency's conclusion is supported by substantial evidence.

**PETITION DENIED.**

---

assertion that this evidence is either highly probative or potentially dispositive. Even the case on which the dissent relies, *Parada v. Sessions*, reversed the agency's denial of the petitioner's CAT claim only because the agency "ignored significant evidence in the record" including: (1) that petitioner "credibly feared death at the hands of the MS gang"; (2) that the government acquiesced in gang violence; and (3) that the same security forces that allegedly harmed petitioner were government sponsored and regularly engaged in torture. 902 F.3d 901, 915 (9th Cir. 2018). The evidence that the agency failed to mention here is much less probative than the evidence that the agency ignored in *Parada*.

FILED

*Magana Perez v. Garland*, No. 21-247

APR 18 2023

KATZMANN,* Judge, concurring in part and dissenting in part:

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I join the majority in denying the petition for review of Magana Perez's applications for asylum and withholding of removal. With respect to the CAT claim, however, we have indication that the agency overlooked testimony that Magana Perez's attackers showed him a badge before kidnapping and torturing him. I differ from the majority and would instead hold that the agency did not consider all relevant evidence when it concluded that Magana Perez was not likely to be tortured upon return to Mexico. While not intimating a view as to the agency's ultimate decision, I would grant the petition in part and remand to the agency to reconsider the CAT claim in light of the badge evidence.

I agree that the agency's factual findings are indeed reviewed for substantial evidence, *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020), and the panel must "uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole," *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (internal quotation marks and citation omitted). But we must also enforce the agency's express directive to consider "all evidence relevant to the possibility of future torture," including "[e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured." 8 C.F.R. § 1208.16(c)(3); *see also*

---

* The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

1

*Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 n.6 (9th Cir. 2010). The majority does not apply this requirement to the case at bar and propounds an exclusive application of the substantial evidence standard. But we cannot defer to an agency's finding of fact under the substantial evidence standard where there is indication that the agency did not consider the relevant facts. The agency need not "discuss each piece of evidence submitted," *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011), but "where the [agency] does not consider all the evidence before it, either by misstating the record or failing to mention highly probative or potentially dispositive evidence, its decision cannot stand," *Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022) (internal quotation marks and citation omitted).

Despite having determined that Magana Perez was credible, the IJ and BIA failed to mention his testimony that the kidnappers showed him a badge before abducting him. The failure to mention the badge evidence is "indication that the [agency] did not consider all of the evidence before it" concerning Magana Perez's police-specific relocation argument. *Cole*, 659 F.3d at 771–72. Whereas the temporal proximity between Magana Perez's visit to the police station and next-day abduction was circumstantial evidence, the badge was the only direct evidence on the record showing police involvement in his torture. And while the IJ's decision stated in the facts section that Magana Perez "believed the police provided the information to the gang members based on the proximity to when he was detained or abducted"—which the majority concludes is enough to

2

determine that "the agency considered the potential affiliation between the attackers and the police"—the record reveals that the badge *also* formed a basis for his belief. Magana Perez was asked on direct examination about *how* he knew that "the police [were] also some of the delinquents," and he responded that "the very next day" after his police report, "some men with a badge came." In a case where the identity of the kidnappers was not known, the badge was key evidence—never contradicted or cast in doubt by other testimony—that could shed light on their affiliation.[1] "[W]here potentially dispositive testimony and documentary evidence is submitted, the [agency] must give reasoned consideration to that evidence." *Cole*, 659 F.3d at 772.

Moreover, the omitted badge evidence is "highly probative or potentially dispositive," *Hernandez*, 52 F.4th at 770, because it may establish a finding by the agency that the three attackers—even though Magana Perez was unable to identify them—were still sufficiently associated with public authority to render future relocation unsafe. While the evidence is inconclusive as to whether the kidnappers were themselves police officers or only associated with the police, Magana Perez's testimony never suggests that the police were *not* involved in his torture. And we have reasoned that evidence of police involvement in torture is

---

[1] The IJ reasoned that "[b]ecause respondent does not know who harmed him the first time in 2009, there is little evidence in the record to show that respondent could not relocate." But an opinion weighing all relevant evidence would have considered the badge evidence in evaluating Magana Perez's knowledge of who harmed him in 2009.

3

relevant to the relocation analysis. *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 899 (9th Cir. 2021); *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089 (9th Cir. 2020); *cf. Edu v. Holder*, 624 F.3d 1137, 1146 (9th Cir. 2010) ("[W]hen a nation's government is itself persecuting its citizens, [i]t has never been thought that there are safe places within [that] nation." (internal quotation marks and citation omitted)). The majority concludes that this analysis "flips our [substantial evidence] standard of review on its head," yet "we have repeatedly reversed where the agency has failed" "to consider 'all evidence relevant to the possibility of future torture.'" *Parada v. Sessions*, 902 F.3d 901, 915 (9th Cir. 2018) (quoting 8 C.F.R. § 1208.16(c)(3)).

While I agree with the majority that *Maldonado* overruled the presumption of nationwide harm in the CAT context,[2] that court also made clear that a petitioner's overall burden of proof does not foreclose relief where an agency has failed to consider all relevant evidence. There is no "burden on an applicant to demonstrate that relocation within the proposed country of removal is impossible because the IJ must consider *all relevant evidence*; no one factor is determinative." *Maldonado v. Lynch*, 786 F.3d 1155, 1163–64 (9th Cir. 2015) (en banc) (citations omitted) (emphasis added); *see also Tzompantzi-Salazar v.*

---

[2] *Edu v. Holder, supra,* cited by the majority, remains good law for the proposition that official involvement in torture is relevant in evaluating a petitioner's possible relocation. 624 F.3d at 1146. *Edu* was a CAT case, acknowledged "the burden . . . upon the alien," and cited to the presumption in asylum cases as support that "there [was] danger to political activists throughout" the petitioner's country. *Id.* at 1147.

4

*Garland*, 32 F.4th 696, 705 (9th Cir. 2022) (also quoting "all relevant evidence").

Moreover, the majority states that without a presumption in the petitioner's favor,

the omitted evidence must "compel the conclusion that the attackers would be

likely to pursue Magana Perez should he relocate in Mexico." The majority's

analysis maintains that "[t]he notion that a certain piece of evidence merely 'may'

or 'could' establish a finding defeats the assertion that this evidence is either

highly probative or potentially dispositive." But that standard sets too high a

threshold; our cases have remanded for consideration of omitted evidence without

concluding that the evidence would compel a contrary finding. *See, e.g.*, *Parada*,

902 F.3d at 914–16 (concluding that "the IJ did not properly consider all of the

relevant evidence before him," without mentioning the substantial evidence

standard, and "remand[ing] to the agency for further consideration"); *see also,*

*e.g.*, *Cole*, 659 F.3d at 771; *Aguilar-Ramos*, 594 F.3d at 705.[3]

To be clear, I would not hold at this time that the badge evidence

definitively demonstrates police involvement in Magana Perez's torture or the

likelihood of future torture; "[s]uch an argument is premature[,] [b]ecause the

[agency] failed to consider" the badge evidence "at all." *Aguilar-Ramos*, 594

F.3d at 705. But I would hold that the badge was sufficiently "probative or

---

[3] The majority does not address these cases and instead cites *Sharma v. Garland*, 9 F.4th 1052 (9th Cir. 2021), to suggest that the omitted evidence must compel a contrary finding to warrant remand. But the *Sharma* petitioner did not argue that the agency had omitted relevant evidence in denying CAT relief, and apart from a recitation of the substantial evidence standard with which I agree, that case did not discuss the issue of considering all relevant evidence. *See id.* at 1066–67.

5

potentially dispositive evidence" to warrant remand.[4]  *Cole*, 649 F.3d at 772.

Consideration of the badge could have made a difference in the ultimate success

of Magana Perez's CAT claim.  The BIA was not free to consider an incomplete

version of Magana Perez's argument, if it was considered at all,[5] that the IJ failed

to "consider the direct involvement with local authorities."  *See Sagayak v.*

*Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005).  Moreover, the badge evidence

could further establish the relevance of country conditions evidence describing

the extent of Mexican police involvement—across federal, state, and local

levels—in unlawful detainment, torture, and organized crime activities.[6]  I would,

---

[4] The IJ stated that she considered "all evidence submitted on the record," even if the evidence was "not described with particularity" in the decision.  But "a catchall phrase does not suffice" if the agency "fail[ed] to mention highly probative or dispositive evidence."  *Cole*, 659 F.3d at 771–72.

[5] It is unclear whether the agency even considered police involvement (premised solely on temporal proximity) in denying the CAT claim.  Neither the BIA nor the IJ discussed the possibility of police involvement in the sections denying CAT relief.  *See also supra* note 1.  Moreover, the BIA did not address Magana Perez's argument on appeal specifically but simply found no clear error in the IJ's factual findings.

[6] The IJ mentioned the "high levels of crime and violence in various areas of Mexico as demonstrated by the country conditions report" and determined that "he would [not] be personally targeted by any individuals upon return," but once again failed to mention any police-specific evidence.  *See also Vasquez-Rodriguez*, 7 F.4th at 899 (remanding in part because the agency reasoned that country conditions evidence had shown "the police and organized crime groups can be dangerous in certain parts of the country" but nonetheless "identified no evidence suggesting that [the petitioner] could safely relocate").

6

therefore, grant the petition in part and remand to the agency to reconsider Magana Perez's CAT claim in light of the badge evidence.[7]

For the foregoing reasons, I respectfully concur in part and dissent in part.

---

[7] The agency made a number of other findings that counseled against CAT relief: Magana Perez was clear that the attackers were associated with a gang no longer in power, and similarly situated family members continued to live in Mexico without facing any physical harm. The majority reinforces its holding with these facts. But these findings should not foreclose remand. Weighing all of the evidence relevant to relocation against unconsidered evidence in the first instance is a job for the agency, not this court. *See Aguilar-Ramos*, 594 F.3d at 705.

Limited review of other record evidence may be appropriate when determining whether omitted evidence qualifies as "highly probative or potentially dispositive evidence." *Hernandez*, 52 F.4th at 770. The inquiry in *Hernandez* was cabined to reviewing the nature of the evidence itself or closely related evidence: the allegedly unconsidered evidence was found to be duplicative, unspecific to the petitioner, cast in doubt by subsequent testimony, or ultimately irrelevant to future torture entirely. *See id.* at 771–72. But *Hernandez* does not advise us to cast a broad net over the body of evidence relevant to Magana Perez's CAT claim. Moreover, the court concluded that the "agency did not misstate or ignore Hernandez's evidence; it simply reached a different conclusion." *Id.* at 772. Yet we have indication here that the agency here "ignore[d]" the evidence and drew no conclusion at all.

7