NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

MAY 23 2025

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO ROBERTO RUIZ ARVAYO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-798<br><br>Agency No.<br>A089-465-045<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2025[**]

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Mario Robert Ruiz Arvayo, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021). We review de novo claims of due process violations. *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022). We deny the petition for review.

Substantial evidence supports the agency's denial of CAT protection based on the determination that Ruiz Arvayo failed to establish a non-speculative risk of torture. *See Park v. Garland*, 72 F.4th 965, 982 (9th Cir. 2023) (CAT denial supported where theory of torture consisted of "a chain of speculative and unsubstantiated hypotheticals").

The BIA did not violate due process by adopting portions of the IJ's reasoning. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010) ("Where, as here, the BIA incorporates parts of the IJ's reasoning as its own, we treat the incorporated parts as the BIA's.").

**PETITION FOR REVIEW DENIED.**