NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



YESSENIA CARILU RAMIREZ-
TEPAZ; JOSHUA BENJAMIN XOCOL-
RAMIREZ,

          Petitioners,

  v.

PAMELA BONDI, Attorney General,

          Respondent.

No. 23-4146

Agency Nos.
A220-134-318
A220-134-317

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 14, 2025
Pasadena, California

Before: PAEZ and R. NELSON, Circuit Judges, and LASNIK, District Judge.**
Dissent by Judge R. NELSON

    Yessenia Ramirez-Tepaz ("Ramirez-Tepaz"), a native and citizen of

Guatemala, petitions for review of a decision of the Board of Immigration

Appeals' ("BIA") denying her and her minor son's applications for asylum,

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). The BIA affirmed the decision of the Immigration Judge's ("IJ") denial of Ramirez-Tepaz's claims for asylum and withholding on the basis that she failed to show that the Guatemalan government was unable and unwilling to protect her. The BIA also affirmed the IJ's denial of Ramirez-Tepaz's CAT claim, holding that she failed to demonstrate that it was more likely than not that she would be subject to torture if she returned to Guatemala. We grant the petition for review in part and deny the petition in part, and remand for further proceedings consistent with this disposition.

1.  With respect to petitioner's asylum and withholding claims, substantial evidence does not support the BIA's conclusion that the Guatemalan government is able and willing to protect her from persecution. An applicant for asylum or withholding alleging past persecution must show that "the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1056 (9th Cir. 2017) (en banc). Further, she need not report abuse to the authorities to establish the government's inability or unwillingness to protect her if she "can convincingly establish that doing so would have been futile or have subjected [her] to further abuse." *Id.* at 1064 (quoting *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006)). We have recognized a variety of sources of relevant

evidence for the unable or unwilling inquiry, but the conclusion turns on "the nature and quality of the evidence, including credible testimony and country reports and all other evidence on the record." *Id.* at 1067. We must not "falsely equate[] legislative and executive enactments prohibiting persecution with on-the-ground progress." *Id.* at 1075; *see also id.* at 1072 ("[I]t is well recognized that a country's laws are not always reflective of actual country conditions."). Here, Ramirez-Tepaz testified to experiencing multiple incidents of gender-based violence in Guatemala, including rapes and sexual harassment perpetrated by her employers.

The BIA acknowledged the existence of Guatemalan laws protecting "victims of crime and violence." Petitioner's country report evidence, however, does not support a finding that official protections for victims of gender-based violence are effective, or that on-the-ground progress has occurred. The 2020 U.S. Department of State Human Rights Report, after summarizing government efforts to criminalize rape and provide support for victims, plainly states that "violence against women, including sexual and domestic violence, remained widespread and serious." As opposed to showing even slow progress, the 2020 report indicates that officials are chronically unresponsive to pervasive levels of gender-based violence and are unable, if not unwilling, to implement effective measures to

protect victims of sexual crimes such as rape. *See Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013).

The government argues that we must reach the same conclusion as in *Velasquez-Gaspar v. Barr*, 976 F.3d 1062 (9th Cir. 2020), in which the court found that substantial evidence supported the BIA's ruling that Guatemala was able and willing to protect women against violence. Our decision, however, must be based on the administrative record in this case. *See Bringas-Rodriguez*, 850 F.3d at 1064-67. The court's conclusion in *Velasquez-Gaspar* relies on the U.S. Department of State's country conditions report for 2014. 976 F.3d at 1065. After six years, the findings in the 2020 report regarding the conditions confronting women in Guatemala do not provide substantial evidence that the government is able and willing to protect Ramirez-Tepaz from gender-based violence. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 n.6 (9th Cir. 2010) (noting that "[c]ountry reports are accorded special weight in removal proceedings").

2. The BIA's determination that Ramirez-Tepaz failed to establish a non-speculative, "particularized fear of torture" if removed to Guatemala, or that any such torture would occur with the consent or acquiescence of a public official, is supported by substantial evidence. To be eligible for relief under CAT, an applicant must "establish[] that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country."

*Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1178-79 (9th Cir. 2020) (citation omitted); *see also* 8 C.F.R. § 1208.16(c)(2). The BIA did not err in concluding that there was insufficient record evidence to demonstrate that Petitioner and her son would be more likely than not to be tortured if returned to the country. As the IJ noted, there was no evidence that the perpetrators of the sexual violence against Ramirez-Tepaz have harassed or harmed members of her family who still reside in Guatemala. *See Santos-Lemus v. Mukasey,* 542 F.3d 738, 748 (9th Cir. 2008).

Further, "[a]cquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Madrigal*, 716 F.3d at 509 (quoting 8 C.F.R. 208.18(a)(7)). Although the country report evidence references the prevalence of corruption within the judicial system and the national police, these generalized attributions of corruption are not sufficiently connected to the gender-based violence Ramirez-Tepaz fears upon removal to Guatemala. *See, e.g. B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022) (holding that "[e]vidence of future acquiescence by public officials should be sufficiently related to the sources of petitioner's likely torture").

**PETITION GRANTED IN PART, DENIED IN PART; REMANDED.**

The parties shall bear their own costs on appeal.

*Ramirez-Tepaz v. Bondi*, No. 23-4146

R. NELSON, Circuit Judge, dissenting:

I agree with the panel that Petitioner's Convention Against Torture claim fails. I disagree that Petitioner is entitled to asylum or withholding of removal. For that reason, I dissent in part.

We review Petitioner's asylum and withholding claims for substantial evidence. Under that standard, findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *accord INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

It is not the case that "any reasonable adjudicator would be compelled to conclude" that Guatemala was unwilling or unable to protect Petitioner "based on the evidence in the record." *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2023) (cleaned up). The agency permissibly relied on evidence that Guatemala is trying to address the sexual abuse Petitioner fears. It also noted that, while not dispositive, Petitioner did not report her sexual abuse. *See Castro-Perez v. Gonzalez*, 409 F.3d 1069, 1072 (9th Cir. 2005); *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1063–65 (9th Cir. 2020). There is therefore substantial evidence to support the agency's determination that Petitioner did not meet her burden to show that the government of Guatemala was unwilling or unable to protect her from harms it did not know she suffered.

1

Under the "extremely deferential" substantial evidence standard, *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022) (quotation omitted), nothing in the record compels a contrary conclusion. We already settled this in *Velasquez-Gaspar*, when we determined that a combination of non-reporting and country-report evidence of progress regarding sexual-based violence in Guatemala were substantial evidence to deny asylum and withholding. 976 F.3d at 1063–65. That case is directly on point.

The panel is correct that "[o]ur decision . . . must be based on the administrative record in this case." But Petitioner did not identify any changes between the 2014 and 2020 country conditions that justify steamrolling past *Velasquez-Gaspar*. And the majority cites nothing in the record to justify disregarding *Velasquez-Gaspar*. A petitioner cannot simply create a new record with indistinguishable documents to avoid binding precedent. That the majority allows this is inconsistent with an orderly judicial process.

At bottom, the agency reviewed the record, acknowledged the state of gender-based violence in Guatemala and came to a factual conclusion with which Petitioner disagrees. Because that conclusion is entitled deference and we are bound by *Velasquez-Gaspar*, which reached the same result on essentially the same record, I dissent in part.

2